### John Scarbrough, Appellee, v. Central Illinois Construction Company, Appellant.

1. INSTRUCTIONS—*when should be accurate.* If the case is close upon the facts and the evidence is conflicting, the instructions should be accurate.

2. INSTRUCTIONS—*must not assume facts in dispute.* An instruction is erroneous if it assumes the existence of material and controverted matters of fact.

Action in case for personal injuries. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1908. Reversed and remanded. Opinion filed June 2, 1909.

SIGMUND LIVINGSTON and WILLIAM R. BACH, for appellant.

HART & FLEMING, for appellee.

PER CURIAM. John Scarbrough brought suit in the Circuit Court of McLean county against the Central Illinois Construction Company to recover for injuries sustained by him, alleged to have been occasioned by the negligence of the servants of the construction company in the manipulation of its gravel track, car, steam shovel, etc., in a gravel pit near Heyworth, Illinois. Upon the trial a peremptory instruction was asked by the construction company to take the case from the jury, which was overruled by the court. There was a verdict in favor of Scarbrough in the sum of $3,500 upon which the trial court rendered judgment, from which the Construction Company has appealed.

Appellee claimed upon the trial that at the time of his injury he was in the employ of appellant as a common laborer, in a gravel pit; that the gravel track on which a car was operated in the excavation of gravel had been moved by appellant, without appellant's knowledge, from a point about 17 or 18 feet from the bank at the side of the gravel pit to a point very close to the side of the pit; that appellee's duties

in and about the manipulation of the car required him to work between the side of the car and the side of the pit; that the place was one of danger to those working between the car and the side of the pit; that when he began his work on the morning of the day on which he was injured he was directed to go along the side of a moving car, on which the steam shovel was located, and be ready at any time to block the wheels of the car, if the car started to climb the track; that while he was engaged in this work, going at a rapid pace between the side of the pit and the car, and watching the wheels of the moving car, giving his whole attention to his work, and being ignorant of the narrowed space between the moving car and the side of the pit, he was caught between a brace rod on one side and the bank on the other side and seriously injured.

Every material matter of averment asserted by appellee in support of his claim so far as the alleged negligence of appellant was concerned, was positively denied by witnesses for appellant. Several witnesses testified upon each side as to the surroundings of appellee at the time of his injury and as to the speed of the car, some of those for appellant saying that the car was not going at a rate of over two miles per hour. The case was very close upon the facts, and the evidence so conflicting that it was of the utmost importance that the instructions given should be accurate upon the question of appellant's alleged negligence.

Among the instructions given for appellee were the following:

"1. The court instructs the jury that if you believe from the evidence that the plaintiff was in the employ of the defendant, Central Illinois Construction Company, and was using ordinary care for his own personal safety before and at the time of his injury, and was without knowledge or notice that said track had been moved, and was not in a reasonably safe condition for use as alleged in the second or third count of plaintiff's declaration, and if you further be-

lieve from the evidence that plaintiff was without knowledge or notice that said steam shovel car and the attachments thereto were not in a reasonably safe condition for moving as alleged in the Second or Third Count of the amended declaration, and could not have known such condition by the exercise of reasonable care for his own safety, then it was the duty of the defendant, Central Illinois Construction Company, to use reasonable care to have its said railroad track and said steam shovel car and the attachments thereto in a reasonably safe condition for moving.

"2.  The court instructs the jury that if you believe from the evidence that plaintiff was in the employ of the defendant, Central Illinois Construction Company, and was using ordinary care for his own personal safety before and at the time of his injury, and was without knowledge or notice of any hazard or danger in the place in which he was working, as alleged in the Second or Third count of plaintiff's amended declaration, then it was the duty of the defendant, Central Illinois Construction Company, to use reasonable care to furnish the plaintiff a reasonably safe place in which to perform his, the plaintiff's, duties."

These instructions both assumed material and controverted matters; the first that the steam shovel car and the attachments thereto were not in a reasonably safe condition and the second that there was a hazard or danger in the place in which appellee was working.

Whether or not the appliances employed by appellant were in a reasonably safe condition, and whether the place itself was hazardous or dangerous, were questions of fact for the jury under all the evidence, and while the court was not in error in refusing to take the case from the jury upon the motion of appellant, the giving of the instructions above quoted was error so prejudicial in character as to make a reversal necessary.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*